Opinion issued October
6, 2011

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 


 
 

 
 



NO. 01-10-00990-CR

____________

 








ROY ESCOBAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1236965

 


 
 

 
 
 



MEMORANDUM OPINION








After the juvenile court waived
jurisdiction and transferred the case to district court, appellant, Roy
Escobar, pleaded guilty to the offense of robbery.  See
Tex. Penal Code Ann. § 29.02 (Vernon 2011).   The trial court found appellant guilty and,
after a presentence investigation, assessed punishment at eight years’
confinement.  The trial court certified
that this is not a plea bargain case and that appellant has the right to
appeal.  Appellant timely filed a notice
of appeal.

Appellant’s counsel on appeal has
filed a motion to withdraw, along with an Anders
brief stating that the record presents no reversible error and therefore the
appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and affirm
the trial court’s judgment.

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).  If an appointed attorney finds a case to be
wholly frivolous, his obligation to his client is to seek leave to withdraw.  Id.  Counsel’s obligation to the appellate court
is to assure it, through an Anders
brief, that, after a complete review of the record, the request to withdraw is
well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se petition for
discretionary review; 

(2)     the attorney has informed us that he has performed the above
duties; 

(3)     the defendant has had time in which to file a pro se
response; and

(4)     we have reviewed the record, the Anders brief, and any pro se brief.

 

See id. at 408–09.  If we agree that the appeal is wholly
frivolous, we will grant the attorney’s motion to withdraw and affirm the trial
court’s judgment. See Garner v. State,
300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If
we conclude that arguable grounds for appeal exist, we will grant the motion to
withdraw, abate the case, and remand it to the trial court to appoint new
counsel to file a brief on the merits.  See Bledsoe v. State, 178
S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief to appellant and informed him of his right to examine
the appellate record and to file a response. 
See Schulman, 252 S.W.3d at 408.  More
than 30 days have passed, and appellant has not filed a pro se brief.  See id.
at 409 n.23 (adopting 30-day period for response).  

          Counsel’s
brief meets the Anders requirements
in that it presents a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; see also High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel
supplies us with references to the record and provides us with citation to
legal authorities.  Counsel indicates
that he has thoroughly reviewed the record and that he is unable to advance any
grounds of error that warrant reversal.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Mitchell v. State, 193
S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  

We have independently reviewed the entire
record, and we conclude that no reversible error exists in the record, that
there are no arguable grounds for review, and that therefore the appeal is frivolous.
See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Garner, 300 S.W.3d at 767
(explaining that frivolity is determined by considering whether there are
“arguable grounds” for review); Bledsoe,
178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines,
after full examination of proceedings, whether the appeal is wholly frivolous).
 An appellant may challenge a holding
that there are no arguable grounds for appeal by filing a petition for
discretionary review in the Court of Criminal Appeals. See Bledsoe, 178 S.W.3d 827 & n.6.

We grant counsel’s motion to withdraw[1]
and affirm the trial court’s judgment.  Attorney
J. Sidney Crowley must immediately send the notice required by Texas Rule of
Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of
this Court.  See Tex. R.
App. P. 6.5(c).

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices Bland
and Huddle.

 

Do not publish. 
Tex. R. App. P.
47.2(b).

 











[1]
              Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).